Doe ex dem. JAMES B. BEARD and others *v.* JACK HALL.

Where land had been conveyed by a Clerk and Master under an order of the Court of Equity, in pursuance of a sale theretofore made for partition upon an application by tenants in common, and the purchaser had reconveyed the land to another; *Held* that the tenants in common could not impeach the conveyance by the Clerk and Master (for being made without a payment of

the purchase money)—by the medium of an action of ejectment; and that their remedy was in Equity.

(*Emerson* v. *Mallett*, Phil. Eq., 234 and *Barnes* v. *Morris*, 4 Ire. Eq., 22, cited and approved.)

EJECTMENT, tried before *Mitchell*, *J.*, at Spring Term 1868 of the Superior Court of ROWAN.

In 1858 the lessors of the plaintiff, as tenants in common of the land in question, being minors, had filed a petition for partition in the Court of Equity for Rowan, and at a sale thereunder, in the Spring of 1860, Mrs. M. L. Beard became the purchaser. Subsequently there was an order to collect and make title. There was evidence tending to show that before the title had been made, Mrs. Beard agreed to sell the land to the defendant, and received from him therefor $15,000 in Confederate money, and such sale having been made through the medium of the Clerk and Master as agent for Mrs. Beard, he (in February 1863,) received the money from the defendant, and regarding so much thereof as was necessary to discharge Mrs. Beard's debt to him, as being in his hands as Clerk and Master for the use of the petitioners, charged himself with the remainder as her agent. The deed. to the defendant bore date 25th October, 1863.

In deference to an intimation of his Honor the plaintiff suffered a non-suit, and appealed.

*Boyden & Bailey*, for the appellant, to show that ejectment may be brought to test the validity of proceedings for partition, and that the legal title is not divested by filing such proceedings or by a decree for sale, cited *Doe* v. *Carpenter*, 18 How, (U. S.) 279; *Clary* v. *Morely* 1 Mar., (Ky.) 360; *Brown* v. *Sceggel*, 2 Fos. (N. H.) 548; *Merritt* v. *House*, 5 Ohio, 307.

*James E. Kerr*, contra.

PEARSON, C. J. Tenants in common file a bill in Equity praying to have land sold under the order of the Court for the purpose of partition; the Court orders a sale, which is

made and the report of the sale confirmed; thereupon it is ordered that the Clerk and Master collect the purchase money, and make title to the purchaser on payment of the purchase money; the Clerk and Master makes a deed to the purchaser, setting out that the purchase money has been paid in full, and the purchaser makes a deed to a third person, admitting the receipt and payment of the price agreed on. Can the tenants in common treat all of these " actings and doings " as nullities, and maintain ejectment against the sec-ond purchaser ? A bare statement of the facts is enough to show that the action cannot be maintained.

It may be that the ·tenants in common, by petition and order in the cause, may have relief upon the matters on which they rely to impeach the deed of the Clerk and Master so as to hold the land still bound for the purchase money, as, in the case *Emerson* v. *Mallett*, Phil. Eq., 234; or it may be, as a third person has intervened, paid the price and taken a deed from the purchaser who had obtained the deed of the Clerk and Master, that in order to have relief the tenants in common should file a bill, as was done in *Barnes* v. *Morris*, 4 Ire. Eq., 22. But certainly they cannot sustain themselves in a Court of law, in the face of these facts, for the plain reason that they have no legal title. That passed to Mrs. Beard by the deed of the Clerk and Master, and by her deed it passed to the defendant Hall.

A grant issues for vacant land, signed by the Governor and countersigned by the Secretary of State : its validity cannot be impeached in an action of ejectment, on the ground of fraud, imposition or the like cause. Why ? Because the land was the subject of grant. A sheriff sells under *fieri facias* or *vend. exponas*, and makes a deed: the debtor cannot maintain ejectment against the purchaser on the ground that the sheriff made the deed without receiving the purchase money, or that the bidding was suppressed by fraud, and the land in conse-quence sold for little or nothing. Why ? Because the sheriff had power to sell, and did sell and make title. An agent with power to sell, makes a sale and executes a deed convey-

ing the land: the principal cannot treat the deed as a nullity and maintain ejectment, on the ground that the agent was imposed on and received depreciated notes or counterfeit notes, or on the ground that he was in collusion with the purchaser, und sold the land for too small a price. In all such cases the remedy is in Equity, and a court of Law, seeing that the title has passed, takes no jurisdiction. For if it takes hold with its rough hand, the one side or the other is crushed, whereas in a court of Equity a decree may be so moulded as to adjust all of the equities, give to each claimant that to which he is entitled, and declare who shall have the legal title. In our case if the tenants in common could maintain ejectment, it would nullify the proceedings in Equity, the deed of the Clerk and Master, and the deed of the purchaser to the defendant Hall—crush them all up! although Hall may have paid $15,000 in Confederate notes, which in February, 1863, was worth something, and although the Clerk and Master received from Mrs. Beard a large amount in funds of some kind, and has made himself responsible to the tenants in common for the amount of the purchase money, as reported by him in his account of the sale. Whereas, in a Court of Equity all of these matters can be adjusted, and each party get that to which he may be entitled ; for in that Court the deed of the Clerk and Master will not be allowed the legal effect of passing the title absolutely, but it will be held subject to the lien of the tenants in common for the payment of the purchase money, as in *Barnes* v. *Morris, ubi. sup.;* which is all that that case decides, although there are some stronger expressions used by the learned Judge who delivers the opinion.

We concur with his Honor. There is no error.

PER CURIAM.                                   Judgment affirmed.