The question determining the case, and upon which its decision turned in the Superior and in this Court, was as to the validity of a certain deed, a necessary link in the defendants' title, made by a former Clerk and Master in Equity of Tyrrell County, to T. L. Hassell the defendant, who had been by a decree of the Court subrogated to the rights of the purchaser of the land (the same in controversy in this action) at the sale of the Clerk and Master. Some of the records in the Equity office of Tyrrell County having been destroyed during the war, evidence of the proceedings relating to a sale of the land was offered by the *Page 153 
defendant, and his Honor rejected the testimony, giving notice to defendants' counsel that he should hold the sale void, and instruct the jury that the plaintiffs were entitled to recover:
1. Because the evidence shows that the purchase-money was never paid.
2. The Court of Equity acted erroneously in ordering title to be made until the purchase-money was paid.
3. That the sale was voidable, as the guardian, S. S. Simmons, could not purchase at the sale, and the order directing the investment of the proceeds of said sale in negroes was voidable, the purchase-money (214) not having been paid.
4. That plaintiff, Jos. W. Simmons, had, on arriving at full age, the right to elect whether or not he would ratify the said sale and order of investment; and his sale of said land to Caroline Walker amounted to a rejection of the same.
The defendants excepted, and upon the foregoing intimation of his Honor, submitted to a verdict for the plaintiffs. Judgment accordingly and appeal by defendants.
His Honor was mistaken in holding that the sale of the Clerk and Master could be attacked in this collateral way. This is an action of ejectment under our old system, brought to try the legal title and not any equitable claims to the premises.
The deed of the Clerk and Master passed the legal title to the purchaser, and this title can only be attacked by some proceeding in the nature of a bill in equity, and not by an action of ejectment. This puts the plaintiff out of Court. This question is so fully discussed, in Beardv. Hall, 63 N.C. 39, by his Honor, the present Chief Justice, that we deem it unnecessary to do more than to refer to that case.
His Honor was also mistaken in holding that the husband of the widow and the guardian of the children could not purchase at the sale of the Clerk and Master. His wife had dower in the land, which interest was included in the sale, and being also guardian of the children, the heirs and owners in fee of the land, it was his right and duty to see that the land brought a fair price. What objection can there be to a guardian's bidding at a sale made by a commissioner under a decree of the Court? Such bid is nothing more than an (215) offer to purchase, and binds no one until it has the sanction of the Court, upon its being made to appear that the sale was fairly conducted, and that the land brought a fair price. *Page 154 
This is quite different from the case of a guardian purchasing at his own sale, where he is both the seller and purchaser, as in the case cited by plaintiff's counsel.
PER CURIAM. Venire de novo.
Cited: Lee v. Howell, 69 N.C. 203; Sumner v. Sessoms, 94 N.C. 375;Dickens v. Long, 109 N.C. 170.
Explained: Froneberger v. Lewis, 79 N.C. 434.