A. J. GAMBLE and another, Admrs. v. M. A. WATTERSON and
others.

*Sale for Assets—Exemptions—Practice.*

Where, in a proceeding to sell descended land for assets, it appears
by admissions in the pleadings that the debts contracted by the de-
ceased before the adoption of the homestead exemption exceeded the
value of the personalty, an unconditional sale should be ordered; and
it is error to discriminate in such order of sale between debts incurred
before and after the passage of the homestead laws. Such discrimi-
nation can only be exercised, if at all, when the proceeds of the land
sold are brought into court for distribution.

(*Hinsdale* v. *Williams*, 75 N. C., 430; *Edwards* v. *Kearzey*, 96 U. S.,
595, cited and approved.)

SPECIAL PROCEEDING commenced in the probate court
and heard on appeal at Spring Term, 1880, of CLEAVELAND
Superior Court, before *McKoy, J.*

The plaintiffs, administrators of R. N. Watterson, not
having personal estate of their intestate to pay his debts,
applied to the probate judge for license to sell a tract of
land which descended to the defendants his heirs at law.
The petition alleges the value of the personal estate to be
about $160, and the debts to be some $400, of which half

were contracted before the adoption of the constitution of 1868, and that the land proposed to be sold consists of fifty acres worth two dollars and fifty cents per acre.

The adult defendant makes no defence and the other six infant defendants, by their guardian *ad litem*, answer admitting the facts charged and asserting their right of homestead in the land and its exemption from sale until the youngest of them arrives at full age. The license as asked was granted by the probate judge, and on defendants' appeal so modified in the superior court as to authorize and direct a sale of the land for the payment of those debts only which were contracted before the homestead exemption was givne by law, and from so much of the modified order as restricts the purposes of the sale, the plaintiffs appeal.

No counsel for plaintiffs.

Messrs. *J. L. Webb* and *Gilliam & Gatling*, for defendants.

SMITH, C. J. The necessity of the sale is apparent, and upon the estimates the proceeds thereof will be insufficient to pay the liabilities of the intestate which are paramount to the right of exemption. It was not therefore at all necessary to anticipate a question that may arise in the probate court upon the settlement of the administration and the distribution of the fund among the creditors, and which was not then before the court.

It is true, if the application had been for leave to sell the land, subject to the homestead encumbrance, for the payment of debts subordinate to that right, it would have been refused under the law as declared in *Hinsdale* v. *Williams*, 75 N. C., 430, and it is equally clear that according to the decision of the supreme court of the United States in *Edwards* v. *Kearzey*, 96 U. S., 595, overruling previous adjudications in this court, the land is not exempt from liability for debts contracted before the constitution conferring the right of

homestead went into operation. But when by a sale the homestead is destroyed and all benefit of the exemption lost to those for whom it was intended, it is quite a different thing to appropriate the proceeds to the satisfaction of one class of debts, and to exclude the other from all participation therein : and it may be (we do not now express an opinion upon the point) that the date of the contracting of the debt becomes immaterial, and the fund is to be applied under the general law regulating administrations of insolvent estates. There is no error in granting the license to sell, and the question as to the appropriation of the moneys in the hands of the plaintiffs belongs to the probate judge first to determine, subject to review in the superior as an appellate court. But the attempted restriction put upon the license, when the whole land must be sold, is unauthorized and erroneous, and we so declare in order that it may not obstruct the decision of the court upon the point, should it hereafter arise. In this view only can the appeal itself be entertained. This will be certified to the end that further proceedings be had in conformity with the law as declared in this opinion, for which purpose so much of the order as restricts the license is reversed.

Error.                                   Reversed.