J. T. GREGORY, Ex'r, v. B. F. ELLIS and others.

*Homestead—Dower.*

This case is governed by the decision in *Watts* v. *Leggett*, 66 N. C., 197, in reference to assignment of dower and allotment of homestead.

(*Watts* v. *Leggett*, 66 N. C., 197 ; *McAfee* v. *Bettis*, 72 N. C., 28; *Gamble* v. *Watterson*, 83 N. C., 573, cited and approved.)

SPECIAL PROCEEDING, commenced in the probate court

and heard at Fall Term, 1881, of HALIFAX Superior Court, before *Gilmer, J.*

This was a petition filed by the plaintiff as executor of G. W. Owens, deceased, to sell the real estate of the testator for the payment of his debts.

The petition was filed against the widow and devisees of the testator, setting forth the facts, that the personal estate was insufficient to pay the debts and that the testator was seized and possessed at the time of his death of valuable real estate, consisting of many different lots and tracts of land, some of which he devised, others he directed his executor to sell for the payment of his debts, and some others he left undisposed of by his will.

The will was executed in May, 1875, and admitted to probate in the probate court of Northampton county on the 24th day of June, 1879, the testator having died on the 7th, and J. T. Gregory, the executor therein appointed, being the judge of probate of the county of Halifax, where the testator resided at the time of his death.

The testator left surviving him his wife Missouri F. Owens, and Elizabeth M. Owens, his only child, who is a minor of tender years without guardian, and defended the proceedings by her mother, who was appointed by the court her guardian *ad litem*.

The second and third items of the will are as follows: " I give to my wife Missouri F. Owens the dwelling in which I reside (in the town of Halifax), also the store house in which I am engaged in business at this time, together with the three lots on which they are situated and the adjoining lots (three lots), with all the improvements thereon, also one thousand dollars. Third, I give to my daughter Elizabeth M. Owens the tract of land now owned by me known as the Eppes tract (mill excepted), also the land known as the Ponton land, also one thousand dollars."

The widow dissented from the will and filed her petition

for dower in the lands of which her husband died seized and possessed, and upon proper proceedings had thereunder the following real estate was set apart and assigned to her for dower, to-wit, the dwelling house and lots situated in the town of Halifax whereon the testator resided and did business as a merchant at the time of his death, embracing the dwelling house and store occupied by him, together with the other buildings and premises connected therewith, and also the dwelling house now occupied by Mrs. Josephine Stephenson, together with the other buildings and premises connected therewith, embracing a small strip of land adjacent thereto measuring nine by one hundred and seventy-one and a half feet, also two hundred acres, lying immediately upon the public road, of that portion of the Eppes tract situated on the north side of the Halifax and Warrenton road.

The defendant Elizabeth M. Owens in her answer set up the defence, that there were no debts against the testator's estate that were contracted before the 1st day of May, 1877, (Act 1877, ch. 253), and none contracted prior to the 1st of January, 1869, (Bat. Rev., ch. 55, § 26), that as she was an infant and the only child of the testator, she was entitled to a homestead to the value of one thousand dollars in fee simple, set apart to her out of the Eppes and Ponton tracts of land described in the pleadings.

The judge of probate ordered the sale of all the lands belonging to the estate of the testator, except the land assigned to the widow for her dower, and that devised by the will to the defendant Elizabeth M. Owens, which were reserved to abide the issues raised by the answer of the said defendant.

These issues were transmitted to the superior court of Northampton and removed to the superior court of Halifax to be tried.

When the case was called for trial the following facts

were agreed upon : That the personal estate of the testator George W. Owens, was insufficient to pay his debts; that the outstanding debts amounted to $13,784.30 of which $4,842.65 was contracted prior to May 1st, 1877 ; that the personal assets amounted to five thousand and thirty-two dollars, $4,630, of which, the residue, after paying the funeral and other expenses of administration, was, under an order of the court made March 7th, 1881, in a creditors' bill against the plaintiff for an account and settlement of his administration, distributed *pro rata* among the creditors, being 33¾ per cent. to each creditor, leaving still outstanding and unpaid an indebtedness of $9,152.39 with interest from the 7th of March, 1881. It was further agreed that the lands assigned to the widow were worth from $3,000 to $3,500; that portion of which embracing the dwelling house and other buildings and improvements on the lot where he resided at the time of his death, and had resided for several years previous to his death, was worth over $2,000, and that the real estate outside the dower was worth about $6,000.

Upon the case agreed and the pleadings in the cause it was adjudged by the court " that a homestead be allotted and set apart to said defendant out of those lands of which the plaintiff's testator died seized and possessed, that have been assigned to the widow of said testator as and for her dower, to be enjoyed subject to said dower. It is further adjudged that the plaintiff have a license to sell all the real estate devised to said defendant and also the reversionary interest in the lands covered by the dower, except so much thereof as shall be allotted and set apart to said defendant as and for her homestead, and that the cause be remanded to the clerk of the court and judge of probate for Northampton county to be proceeded in according to law and as above adjudged."

From this judgment the defendant appealed, assigning for error, that a homestead should have been adjudged to

be set apart for her in fee simple from the lands of the testator not covered by the dower, and that she should be let into immediate possession and enjoyment thereof, and that she should be allowed to have her election to have the homestead set apart to her from the lands devised to her, unencumbered by dower.

*Messrs. T. N. Hill* and *Mullen & Moore,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

ASHE, J., after stating the above. The exceptions taken by the defendant are unfounded. It is manifest from the case agreed that all the lands of the testator must be sold to raise assets sufficient to satisfy the debts, except such as are covered by the dower and homestead. The dower has been assigned and the main question is, which of the lands are to be allotted to the defendant for her homestead.

This question has been settled by the decision of this court in the case of *Watts* v. *Leggett,* 66 N. C., 197, where PEARSON, C. J. in delivering the opinion of the court said: " If the homestead had been laid off in the life time of the husband, at his death the dower of the wife would have been assigned so as to include the dwelling house in which the husband had usually resided and buildings used therewith. Thus the dower would be assigned so as to include the homestead or a part thereof, and the right of dower having attached at the time of marriage, would have been paramount, and the right of the children to enjoy the homestead during the minority of any one of them must have been taken subject to this paramount right of dower, the effect being to postpone the enjoyment of the children as to so much of the homestead as is covered by the dower, until the death of the widow, leaving them of course to the present enjoyment of such part of the homestead and land appertaining thereto, as is not covered by the dower." And

he further held that the proper construction of the act of 1868–'69, ch. 137, was to give the widow and children only the same rights of homestead, as if the husband and father had not neglected to have his homestead laid off in his life time. This decision was cited and approved in the case of *McAfee* v. *Bettis*, 72 N. C., 28.

As the homestead under the constitution must embrace the dwelling, if there be one, where the husband or father had his last place of residence, with the buildings used therewith, the right to select the homestead can have no application except in such cases as where the husband or father owned several tracts of land, but had no residence on either, or where the dwelling and appurtenances exceeded in value one thousand dollars.

The right claimed by the defendant to have her homestead set apart to her in fee simple under the act of 1877, is not allowable under the facts of the case. The debts contracted prior to the 1st of May, 1877, amounted to $4,842.65, and after the distribution of the personal assets *pro rata* among all the creditors, there still remained due upon the debts contracted previous to that date 66¼ per cent., to the payment of which the fee simple estate in all the lands of the testator were liable, subject to the dower and the right of homestead as it existed prior to that act. *Gamble* v. *Watterson*, 83 N. C., 573.

There is no error. Let this opinion be certified to the superior court of Northampton that further proceedings in the case may be had according to law.

No error. Affirmed.