The clerk of the Superior Court of Surry made an order, giving the administrator license to sell all the lands of his intestate, subject to the widow's dower, and in no way recognizing or providing for the rights of the infant children, defendants, to have the homestead exemption allotted to them for their use, unless it appears from such order.
From this order the defendants appealed to the Superior Court.
The clerk of the Superior Court not having found the facts, (263) when the matter came to be heard on appeal, the statement of facts was agreed to, as follows:
1. That A. Hines died in June, 1887, seized and possessed of the real estate described in the petition of the administrator in the manner hereinafter stated.
2. That he was indebted, as stated in the petition, and that the personal property is insufficient, as stated in the petition, and that a sale of so much of the real estate as is liable to be sold is necessary to pay debts.
3. That Hines was married in the year 1878; that he left him surviving his widow, aged 29 years, and children, to wit, Mary G., 8 years old; Margaret S., 5 years old, and Jesse F., 2 years old; all of whom are still living.
4. That he occupied and lived in a dwelling-house situate on the tract of land lying and being in the town of Mount Airy, adjoining the lands of R. S. Gilmer and others, containing, in all, about 29 acres, which he *Page 187 
had purchased, from 1879 to July, 1886; that in July, 1886, his wife, failing in health, left Mount Airy for treatment, and he, with his children, went to the home of his father-in-law, carrying with him part of his personal property and household goods, a part being left in said dwelling, and abode at the home of his father-in-law until his death, in June 1887.
5. That prior to June, 1886, he brought lumber and brick, and selected a site for a residence on the Hamburg Mills property, which material he subsequently sold in 1886. The Hamburg Mills property had been conveyed in trust to J. C. Buxton and was encumbered to nearly its full value, and, being so encumbered, was, soon after his death, sold under the trust, and a surplus of $300 realized, out of which surplus the use of $100 was allotted to the widow as a part of her dower.
6. That the widow did not have a homestead in her own right, (264) and she applied for dower, which was allotted to her, embracing the dwelling-house on the land hereinbefore described, to wit, "a tract of land lying and being in the town of Mount Airy, and adjoining the lands of R. S. Gilmer and others, which allotment was worth, by estimate, $2,500, and which she is now in possession of."
7. That Hines did not have his homestead laid off in his lifetime; that during his lifetime the tract of land lying in the town of Mount Airy, and adjoining the lands of R. S. Gilmer and others, had been laid off into town lots, with streets running between, and certain of said lots having been sold, about thirty-five half-acre lots remained, outside of those covered by the dower allotted to the widow, all of which lots were estimated in value by the appraisers in laying off the dower.
8. The defendants, the infant children of the said Hines, claim that they are entitled to the homestead exemption, and that it may be allotted to them in lands outside of the lands covered by the dower.
Upon this statement of facts the court pronounced judgment, as follows:
"It appearing the widow, M. B. Hines, has had her dower duly assigned to her, and that the same is worth $3,000, it is, therefore, considered, ordered and adjudged by the court that the defendants, as minor heirs of A. Hines, deceased, are entitled to a homestead, upon proper applications therefor, and that the same cannot be allotted and set apart to them out of the land not covered by the widow's dower; and it is, therefore, considered, ordered and adjudged that the prayer of the defendants, asking that homestead be allotted them from land not included and embraced in the said widow's dower, be and the same is disallowed."
From this judgment the defendants appealed and assigned as error: (265) *Page 188 
1. That the infant defendants are entitled to have their homestead exemption allotted to them in this proceeding, and are not required to make any other application therefor,
2. That the homestead exemption of the infant defendants must be allotted to them on the lands covered by the dower of the widow; that such homestead is not liable to be sold until the youngest of said defendants arrives at full age, and the court erred in directing a sale of the reversionary interest.
3. That the court erred in declaring the infant defendants were not entitled to have the homestead exemption in lands outside of the dower.
The very point in this case was passed upon in Watts v. Leggett,66 N.C. 197, and decided adversely to the claims of the defendants. The views there taken by the Court has been long regarded as the settled law of this State, and has been frequently approved in subsequent decisions, notably in McAfee v. Bettis, 71 N.C. 28, and Gregory v.Ellis, 86 N.C. 579. In the latter case the opinion in Watts v.Leggett is quoted at some length by Ashe, J., and entirely approved by the Court as to the particular point now in question. We have been much impressed with the able argument of the counsel for the defendants, but are of the opinion that it is better to adhere to the previous rulings of the Court, that there is nothing which imperatively demands their reversal. Affirmed.
Cited: Morrisett v. Ferebee, 120 N.C. 8.
(266)