ELLEN DICKENS et al. v. J. A. LONG et al.

*Homestead—Sale, Judicial and Execution—Evidence, Burden of Proof—Pleading—Estoppel.*

1. One who seeks to avoid a *prima facie* title to land under execution, or judicial sale, upon the ground that such land was exempt from sale under the laws providing homesteads, must allege in his pleadings specifically the facts upon which the right to the homestead depends; and the burden is also upon him to establish such facts.

2. In an action to recover land, the plaintiffs claimed by descent from their father, and the defendants set up title under a judicial sale in a special proceeding to make assets to pay the father's debts, and it appeared on the trial that one of the heirs at law had not been made party to the proceeding: *Held*, that while the other heirs, who had been made parties, could not, in the action to recover land, collaterally attack the validity of the decree and sale under the special proceeding, and were estopped thereby, the heir who had not been made party should be permitted to prosecute the suit for his undivided share.

CIVIL ACTION, tried at April Term, 1891, of PERSON Superior Court, before *Boykin, J.*

The plaintiffs brought this action in the Superior Court in term to set aside a sale of the land in controversy, made by virtue of a decree rendered in March, 1883, in a special proceeding instituted before the Clerk by the administrator of their deceased father for the purpose of selling land to pay debts, and also to recover the possession of the land from those holding by *mesne* conveyances under the purchaser at the said administrator's sale.

After setting forth that the sale was made, that one Sallie Barnett became the purchaser for the sum of $203, and that it was confirmed by the Court, the cause of action is stated in the complaint, as follows:

"7. That the said order of sale was and is irregular, illegal, unjust, a fraud upon the plaintiffs' rights and void, and the acts done thereunder are illegal and void, because—

(1). Isabella Edwards, a child and heir of said Mangum, and a plaintiff herein, and her husband, were not parties in and to said special proceeding.

(2). The defendants in said special proceeding, who were then under the age of fourteen years, to-wit, said Lucy and Susan, were not summoned as required by law, *The Code*, § 217, which fact appears from the endorsement on the summons therein, it being as follows: 'Received February 22d, 1883. Served on all the defendants, including J. S. Merritt, guardian *ad litem*, by reading the summons to each of them. This March 3d, 1883. Fee $7.20. C. G. Mitchell, Sheriff Person County.'

(3). The guardian *ad litem* for the infants in said special proceeding, said Vinie, Lucy and Susan, whose answer was filed on March 12th, 1883, as appears from same, was, at the time of said filing, and at the time of said order and sale, representing interests adverse to his said wards, infants, which fact appears from the papers and accounts, now filed in the Clerk's office, in the administration of said Mangum's estate, one of which accounts, for the sum of $19.48, has upon its back the following endorsement: 'For value received, I transfer this account to J. S. Merritt. This 1st March, 1883. John C. Pass.' The said Pass being then, and ever since then, the Clerk of the Superior Court of Person County, and constituting the Court herein mentioned, which said facts rendered, as plaintiffs are advised and believe, J. S. Merritt, who was appointed by the Court, the said J. C. Pass, on February 22d, 1883, guardian *ad litem*, as aforesaid, incompetent to act as such guardian; all of which facts were in the knowledge of the Court.

9. That the said sale of said land was illegal, unjust and void, because—

(1). The aforesaid order was void, and contained no authority to sell, on account of the facts set forth in article 8 of this complaint.

(2). The homestead was not laid off and set apart before sale under said order.

(3). The homestead in said land was sold to pay debts, when it was exempt from the payment of such debts.

10. That the said minors, Lucy and Susan, are entitled to a homestead in said land.

11. That the plaintiffs are the owners, and entitled to the possession, of said land as heirs of Mangum Barnett, deceased, since, as they are informed and believe, the said sale was void as aforesaid, as being contrary to the Constitution and laws of North Carolina, and a great injustice upon their rights.   *   *   *

13. That the defendants deny the title of the plaintiffs, who are the real owners of said land, and refuse to give possession of same to plaintiffs, who are justly entitled to it.

*   *   *   Wherefore, the plaintiffs demand judgment against the defendants—

(1). For the recovery of the possession of said tract of land above described.

(2). For the recovery of the sum of eight hundred dollars damages for the unlawful occupation of same.

(3). For six hundred dollars for the rents and profits of same for the last three years.

(4). That the said Commissioner's deed to Sally Barnett be declared void.

(5). For their costs in this action sustained, and for any other just relief."

The defendants insisted that the complaint did not state facts sufficient to constitute a cause of action, for reasons set out in their answer, to-wit, that the deed referred to in the complaint from Chambers (Commissioner to Sallie Barnett), could not be in this cause attacked, it being the deed under

which defendants claimed the land in controversy.   During the argument the Court intimated an opinion that the deed could not be attacked in this suit, and also an opinion that the plaintiffs did not, in their complaint, affirmatively state that the defendants in the suit of *Chambers* v. *Dickens* (referred to in the complaint, said defendants being part of the plaintiffs herein), were entitled to a homestead in said land, and that it was not sold for debts good against the homestead.   In deference thereto, the plaintiffs submitted to a judgment of nonsuit and appealed.

*Mr. W. W. Kitchin*, for plaintiff.
*Messrs. V. C. Bryant* and *J. W. Graham*, for defendant.

AVERY, J.—after stating the case:  Reversing the order in which the points were presented by counsel, and assuming for the present that the judgment in the special proceeding— by virtue of which Sallie Barnett bought the land in controversy, which she has since sold to several other defendants—cannot be attacked, on account of irregularities in this action brought in the Superior Court, it would only remain to determine whether, without impeaching that judgment, the plaintiffs, admitting the truth of every allegation contained in the complaint, have shown *prima facie* that they have title to the land in controversy.  If the judgment be treated as valid and the sale and confirmation unimpeachable for present purposes, then the deed executed to Sallie Barnett by the Commissioner, would, as against the parties to that record, claiming likewise through their father (Mangum Barnett), show title in her, and unless it appeared from the complaint (if admitted to be true) that the sale was void, because it was made in violation of article 10 of the Constitution, and the statutes enacted in pursuance of it in reference to homestead exemptions, the plaintiffs cannot recover. *Mobley* v. *Griffin*, 104 N. C., 112.   The burden was upon the

plaintiffs, in view of such proof, to establish their right to have had a homestead allotted in the land sold; and here the question to be determined, as on demurrer to the complaint, is whether, according to their own allegations, the sale may have been, in any phase of their statement, or under any state of facts that may be fairly inferred from it to have existed at that time, made without any infringement upon the right of the plaintiffs under the Constitution and laws to claim and have assigned to them a homestead in a portion or all of the land sold. *Mobley* v. *Griffin, supra;* *McCracken* v. *Adler*, 98 N. C., 400; *Wilson* v. *Taylor, Ibid*, 275. If the debts of the intestate, to meet which the license was granted to the administrator to sell, were contracted before the homestead provision of the Constitution became operative, or were taxes due the State, or were contracted for the purchase-money of the land, the plaintiffs were not entitled to the homestead in the land sold under the decree against creditors holding such claims. *Long* v. *Walker*, 105 N. C., 90; Constitution, art. 10, § 2.

It has been expressly decided by this Court that where a plaintiff offers in evidence, in an action involving the title and right to the possession of land, the record of the judgment, execution, levy and sale of the land in controversy, as the property of the defendant, or of one from whom the defendant is shown to derive title, the latter cannot rebut this *prima facie* proof of title by a simple denial or by an allegation, without testimony tending to establish it, that he is entitled to the homestead in the land in dispute. *Mobley* v. *Griffin, supra*. Upon the same principle, if a plaintiff allege in his complaint facts which, if true, establish *prima facie* the title of the defendant as against him by a deed made in pursuance of a judgment of the Court, the general allegation that such sale was void for failure to allot a homestead without averring specifically the facts upon which the right to the homestead depends, so as to exclude the possibility of

the validity of the sale, consistent with such statement, must be held insufficient to meet and rebut the apparent right of the plaintiff to recover.   Upon a careful review of the complaint, it appears that the plaintiffs have failed, if they could truthfully have done so, to negative the possibility that the land was sold to make assets to satisfy debts created before the right to such exemptions accrued.   We concur with the Judge below in the view that the facts alleged by the plaintiffs are not sufficient to relieve them of the burden of showing their right to have a homestead assigned in said land, if we grant that the irregularities (if any appeared upon the face of the record of the special proceeding) would not be sufficient to destroy its efficacy as evidence of the validity of the sale under which Sallie Barnett and the other defendants, through her, claimed title.

But, recurring to the other question, which so frequently confronts us with slight variations in the facts, but no difference in the general principles applicable, we think it manifest that the judgment in the special proceeding can only be attacked directly by those who were parties to the proceeding, and that it would be a collateral impeachment of it to declare that, together with the subsequent orders of confirmation, etc., it did not constitute evidence that so much of the right and the title of Mangum Barnett, as descended to those whose names appear as parties of record, has passed to Sallie Barnett.   *England* v. *Garner*, 90 N. C., 197; *Fowler* v. *Poor*, 93 N. C., 466; *Ward* v. *Lowndes*, 96 N. C., 367; *Sumner* v. *Sessoms*, 94 N. C., 371; *Beard* v. *Hall*, 63 N. C., 39; *Simmons* v. *Hassell*, 68 N. C., 213; *Morris* v. *Gentry*, 89 N. C., 248.

But the plaintiffs allege that Isabella Edwards was a child and heir at law of Mangum Barnett, and that neither she nor her husband, Hal Edwards, were either real or nominal parties to the special proceeding, and that she is not concluded as to her rights in the land by the decree of sale. The defendants deny the allegations of fact that she is an

heir at law of Mangum Barnett, and insist, by way of argu-
ment, that if she is, she cannot now claim a homestead in the
land, because she is more than twenty-one years of age.  If
Isabella Edwards is one of the heirs at law, and is not estopped
by the judgment in the special proceeding from claiming
title to the interest that descended to her in common with
the other heirs of Mangum Barnett at his death, then she is
entitled to recover possession of the land, and to be let in, to
the extent of her interest as tenant in common, with the
defendants who have acquired, so far as we can see in this
action, the undivided interest of his other heirs at law.  *Gil-
christ* v. *Middleton*, 107 N. C., 663; *Allen* v. *Salinger*, 103 N.
C., 14.  If the sale, under a judicial decree, purporting to
authorize the administrator of Mangum Barnett to sell this
particular piece of land for assets, gives to the purchaser who
holds the deed of the personal representative for the land
sold, and those claiming under her, a title good against an
heir at law, who was not a party to the proceeding, then the
plaintiff Isabella cannot demand that the question whether
she is or is not an heir at law be passed upon by the jury.
But if she is not concluded, and the jury find that she is an
heir at law, it is obvious that she is entitled, at least, to be
let into possession and to have damages awarded in propor-
tion to her interest.  *Gilchrist* v. *Middleton, supra.*

Section 1438 of *The Code* provides that no order to sell the
real estate of a decedent shall be granted to the personal rep-
resentative until the heirs or devisees of the decedent shall
have been made parties, and the statute is now substantially
the same that has been in force since 1846.  · Revised Code,
ch. 44, § 47; *Thompson* v. *Cox*, 8 Jones, 313.  The law, there-
fore, obviously contemplates that those to whom any interest
in the land has passed by descent or devise shall be made
parties to any special proceeding instituted to subject such
lands to pay the debts of the decedent.  The general rule as
to estoppels is that a decree of a Court of competent jurisdic-

tion is binding on the parties to the suit or proceeding in which it is entered, and on those who are in privity with them in all collateral actions or proceedings, but, ordinarily, it is not conclusive as to strangers.   Bigelow on Estoppel (4 Ed.), 24, 34; *Edwards* v. *Baker*, 99 N. C., 258; *Coble* v. *Clapp*, 1 Jones Eq., 173; *Falls* v. *Gamble*, 66 N. C., 455; *Blackuell* v. *McElwee*, 94 N. C., 425; *Warden* v. *McKinnon*, 99 N. C, 251. A judgment is not even binding on one who is not a party at the time of its rendition to the action or proceeding in which it is entered, though he had been a party previous to that time.   *Owens* v. *Alexander*, 78 N. C., 1.   The purchaser, Mrs. Barnett, might have successfully resisted the payment of the purchase-money on the ground that Isabella Edwards, if indeed she was an heir at law of Mangum Barnett, had not been made a party and concluded by the judgment. *Edney* v. *Edney*, 80 N. C., 81.   But now that she has paid it in full, though she and those claiming under her may possibly resort to more than one remedy to make good their loss on account of the defective title, the doctrine of maintaining the integrity of judicial decrees cannot be pushed, as against strangers to the record, to the extremity of depriving them of their property without notice or a day in Court. . Isabella Edwards was not even a nominal party to the special proceeding, and the judgment did not purport to authorize the sale of any interest she might have.   We think that there was error in the refusal to submit to the jury issues involving the title and right of possession of Isabella Edwards. The preliminary question, whether she was an heir at law of Mangum Barnett, could have been passed upon in considering the issue as to title.   It was not alleged or contended that Isabella was an infant when the decree was made in the special proceeding.

While we concur with the Judge below in the general view which he seems to have taken of the law, we think that there was error in withdrawing from the jury the question

whether Isabella Edwards was an heir at law of Mangum Barnett, and, as such, entitled to be let in as tenant in common with the defendants.

Whether the action will be further prosecuted in her interest alone, or whether all will submit to nonsuit and await the result of a direct proceeding before moving for possession of the land, is a question addressed to the plaintiffs and their counsel.

There is error, and a new trial is awarded.

Error.