P. G. MORRISETT, Administrator of W. A Ferebee, v. BLANCHE
FEREBEE.

*Sale of Land for Assets—Right of Infants to Home-
stead—Failure to Claim Homestead—Res Judicata—
Estoppel.*

Where, in a proceeding for the sale of land for assets, the infant heirs of
decedent through their *guardian ad litem* admitted the allegations
of the petition, made no claim to a homestead and allowed judg-
ment ordering the sale, which was followed by a sale and payment
of the purchase money, they are estopped by the judgment and
proceedings thereunder from claiming either a homestead in the
land or the payment of $1,000 out of the purchase money in lieu
thereof.

Proceeding for the sale of land for assets heard before *Timberlake, J.*, at Fall Term, 1896, of Camden Superior Court, on appeal from the judgment of the Clerk.

From the judgment of his Honor, who held that the infant defendants were entitled to a homestead in the land sold, notwithstanding their failure to assert their claim to it before the order of sale was made and the purchase money paid, the plaintiff appealed.

*Mr. E. F. Aydlett*, for plaintiff (appellant).
*Mr. J. H. Sawyer*, for defendants.

Furches, J.: This is a proceeding by the plaintiff, as administrator of W. G. Ferebee, to sell land for assets to pay debts. It is admitted that Ferebee died intestate, leaving a widow and three infant children, his heirs at law; that the plaintiff is the administrator, and that the widow and heirs at law are properly made parties defendant; that the infants were properly represented by one Dozier as their guardian *ad litem*, who filed an answer admitting the allegations of the complaint; that upon this state of the case, it came on for hearing before the clerk on July 6, 1896, when an order of sale was made, subject to the widow's dower, which had theretofore been assigned to her; that on August 10, 1896, the plaintiff sold, subject to the terms of the order, and the widow became the purchaser of the reversionary interest in the dower land, which sale was duly reported; that on the 17th of August the infant defendants, by and through their said guardian, filed a verified application, or petition, in the cause, pleading their infancy and asking that an order be made requiring the plaintiff to pay into court one thousand dollars for the benefit of the infant defendants, which should be invested for their benefit until they were 21 years of age. And the case coming on for

further hearing, on the motion of plaintiff to confirm and the defendant's application for the order to pay into court one thousand dollars, &c., the clerk, on the fourth of September, made both orders; that is, he confirmed the sale and ordered that the plaintiff pay into court one thousand dollars for the benefit of the infant defendants, as prayed for; from that part of the judgment requiring him to pay into court the $1,000, the plaintiff appealed, and at Fall term of Camden Court the appeal was heard by Judge Timberlake, who reversed the judgment of the clerk as to the $1,000. But he held that the infant defendants were entitled to have their homestead laid off and assigned to them in land; that this should be located on the widow's dower, if there should be $1,000 worth of that, and if the dower land should turn out to be of less value than $1,000, then upon other unincumbered land of the intestate; and that the plaintiff should pay back to the widow, the purchaser of the reversionary interest in the dower land, what she had paid for the same. And from that part of this judgment that holds that the infant defendants are entitled to a homestead, and that plaintiff pay back to the purchaser the purchase money she had paid him for the reversionary interest in the dower land, the plaintiff appealed to this Court.

There is error in both rulings. The infant defendants were entitled to their homestead, which should have been laid off on the dower land. *Watts* v. *Leggett*, 66 N. C., 197; *Graves* v. *Hines*, 108 N. C., 262; *Gregory* v. *Ellis*, 86 N. C., 579. But when they were made parties and were properly in court, represented by a guardian, as is found to be the case here, admitted the allegations of the complaint and made no claim to their homestead, and allowed judgment to be taken against them and an order of sale subject to the dower of the widow, a sale of the

property, a confirmation of the sale, and a payment of the purchase money, as must have been the case here, as the order of the court is, "that the plaintiff pay back the purchase money," it is too late. They are estopped by this judgment. *Dickens* v. *Long*, 109 N. C., 165.

Third parties have become interested, and this judgment cannot be thus collaterally attacked. *Dickens* v. *Long*, *supra*, and cases there cited.

It is true that the defendants made their application, to have the $1,000 paid into court for their benefit before the sale was confirmed. But they did not object to the confirmation. In fact, the order they asked to have made substantially asks a confirmation of the sale, as there could have been no money in the hands of the plaintiff to pay into court without such confirmation.

Defendants not being entitled to a homestead, there is no ground to support the order for plaintiff to pay back to the widow the money she paid him for the reversionary interest in the land covered by the dower. She is the owner of this reversion and must pay for it, if she has not done so.

For the errors pointed out the judgment appealed from is reversed, and the judgment will be the ordinary judgment of confirmation.

