SPENCE v. GOODWIN.

(Filed May 14, 1901.)

1. HOMESTEAD—*Infants—Guardian ad Litem—Waiver*.

A guardian *ad litem* can not waive the homestead rights of infant heirs, especially when there is no consideration therefor.

2. HOMESTEAD—*Infants—The Constitution, Art. 10, sec. 3*.

The infant heirs are entitled to a homestead in the land of their father, though they own other real estate.

3. HOMESTEAD—*Guardian ad Litem—Estoppel*.

Where a guardian *ad litem* permits an order to be entered for sale of the homestead of the infant heirs, they may afterwards, and before sale, assert their rights.

ACTION by J. C. Spence, administrator of estate of Z. E. Goodwin, against Peter N. Goodwin and others, heard by Judge *A. L. Coble* and a jury, at Spring Term, 1900, of PASQUOTANK County Superior Court.

This was a special proceeding before the Clerk by the administrator to sell real estate to create assets, in which the infant defendants claimed a homestead in the lands of their father. The Clerk allowed the homestead and his judgment was affirmed in the Superior Court.

The case was heard upon the following facts agreed:

"1. That the plaintiff's intestate died on or about June 1st, 1898, and that the plaintiff qualified as his administrator on .... day of January, 1900.

"2. That at the time of the death of said Z. E. Goodwin he was seized in fee simple of the tract of land described in the petition in this cause and that the same is worth $800,

128——18

upon which the widow is entitled to dower, and that it was all the land the said Goodwin owned in fee simple at his death.

"3. That he left him surviving the three defendants who are under 21 years of age and also a widow, but the widow is not the mother of said children.

"4. That the said three defendants own a tract of land as tenants in common outside of any interest in said land described in the petition which they inherited from their mother, and is worth $400, said land situated in Chowan County.

"5. That the said intestate owed debts at the time of his death more than his personal property could pay.

"6. That all the defendants were properly served with summons and were properly before the Court and were represented by M. B. Culpepper, who looked after their interest. He, the said M. B. Culpepper, being duly appointed by the Court, as appears in the record.

"7. That on January 25, 1900, plaintiff filed the petition in this cause, summons having issued on January 23, 1900. That on February 1, 1900, said guardian *ad litem* was appointed, as appears by the record, and he was duly served.

"8. That on February 14, 1900, said defendants filed the answer set out in the petition by their guardian *ad litem,* which admits the allegations of complaint and prays the petition of plaintiff be granted.

"9. That on February 17, 1900, said cause was continued until February 22, 1900.

"10. That on February 22, 1900, said cause was heard with all the parties before the Court and the order of sale was made to sell the lands described in the petition in the cause and no homestead was asked or prayed for by the defendant.

"11. That no notice of appeal was given from said judgment of the Clerk on said day, nor within ten days thereafter, nor at any time.

"12. That on said February 22, 1900, the plaintiff, in pursuance of said decree, advertised the said lands to be sold, according to law, on March 24, 1900, and nothing more was said till March 21, 1900, when defendants filed the petition for homestead, as set out in the record, and it was then agreed the sale might be continued without prejudice to either party till the case was finally heard as it would be expensive to procure an injunction to prevent sale.

"13. That plaintiff filed the answer to said petition for homestead on March 22, 1900, and same was heard by the Clerk, who rendered the judgment in the record of March 22, 1900.

"14. That said M. B. Culpepper was not an attorney-at-law and was not represented by an attorney in filing his answer, and was not at the time informed as to legal rights of defendants.

That said M. B. Culpepper has acted in a great number of cases in the capacity of guardian *ad litem*, similar to this in which petitions were filed for sale of land for assets when there were minors. That said M. B. Culpepper is insolvent."

From a judgment for the defendants, the plaintiff appealed.

*G. W. Ward,* for the plaintiff.
*E. F. Aydlett,* for the defendants.

DOUGLAS, J., after stating the facts: The plaintiff contends that the answer of the infant defendants by their guardian *ad litem* was a waiver of their homestead rights, if any existed; that if the Clerk's order of sale of February 22, 1900, was erroneous, their only remedy was by appeal; and that in any event the land inherited from their mother should be included as a part of any homestead that may be allowed them, thus *pro tanto* exonerating the land owned by their

SPENCE v. GOODWIN.

father.   We do not think that any of such contentions can be sustained.

The duty of a guardian *ad litem,* and in fact the object of his appointment, is to *protect* the interest of his wards, and he has no power to waive any substantial right, especially when such waiver is entirely without consideration.   It is true that his failure to assert their rights may in certain cases estop them from doing so, but only where such assertion would interfere with the rights of third parties subsequently acquired in good faith.

In the case before us the land has not been sold, and no rights whatever have been acquired by third parties.   Therefore the cases of *Dickens v. Long,* 109 N. C., 165, and *Morrisett v. Ferrebee,* 120 N. C., 6, have no present application.

The law does not favor the implied waiver of homestead exemptions, especially by infant defendants.   The homestead is specifically exempted by the Constitution for reasons of public policy, and even an adult is not permitted to waive his general right of homestead.   Where the homestead has not been laid off, he may sell any or all of his lands and thus divest himself of all homestead right in said lands; but even this *jus disponendi* is controlled by Article X, section 8 of the Constitution, where the homestead has been allotted.   A right, around which so many protective provisions have been placed by the organic law, can not be lightly set aside on a mere presumption of waiver.

As to the second contention, while it would have been better for the guardian *ad litem* to have set up the homestead right of the infant defendants in his answer, we do not think that they have lost any right by his failure to do so.   As the pleadings were constituted, there appears to have been no ground for appeal, as the allegations of the complaint are admitted to be true.   The error of the guardian *ad litem* was not in failing to answer the complaint, but in omitting to set up an independent right of exemption existing in the infant

defendants.    In this state of the caes, we do not think that
these defendants are in any worse condition than a judgment
debtor; certainly not after their formal claim of exemption.

The plaintiff's third contention is directly opposed to the
express letter of the Constitution, of which Article X, section
3 is as follows: "The homestead, after the death of the owner
thereof, shall be exempt from the payment of any debt during
the minority of his children, or any one of them." The
father, whose debts the administrator is now seeking to pay,
had no interest in the lands descended from the mother.
Such lands were not liable for his debts, nor could they have
been allotted to him as part of his homestead.    The home-
stead exemption is a condition attaching to certain lands be-
longing to the debtor, which prevents their sale under execu-
tion, and after his death this exemption continues during the
minority of his children, without regard to any other prop-
erty they may have acquired from other sources.

If the homestead claimant were the widow, the case would
be essentially different, as there is a clear distinction be-
tween the right of the children as defined in section 3 of
Article X, and the right of the widow as provided in section
5 of said Article, which is as follows: "If the owner of a
homestead die, leaving a widow but no children, the same
shall be exempt from the debts of her husband, and the rents
and profits thereof shall inure to her benefit during her wid-
owhood, *unless she be the owner of a homestead in her own
right.*"    This provision in the latter section, which is en-
tirely omitted in the former, emphasizes by direct implica-
tion the unconditional right of exemption given to the chil-
dren by section 3.

We are of opinion that the infant defendants are entitled
to the allotment of the homestead in accordance with the
prayer of their petition, and the judgment of the Court be-
low is therefore affirmed.

Affirmed.