R. W. WHARTON, Adm'r., v. ELIZABETH LEGGETT and others.

*Homestead— Widow.*

Under Art. X, § 5 of the constitution, a widow is not entitled to a homestead in the lands of her husband if he die leaving children—minors or adults.

(*Watts* v. *Leggett,* 66 N. C., 197 ; *Hager* v. *Nixon,* 69 N. C., 108, cited and approved.)

SPECIAL PROCEEDING heard on appeal at December Special Term, 1877, of BEAUFORT Superior Court, before *Schenck, J.*

Upon the facts which are set out by Mr. Justice ASHE in delivering the opinion, His Honor held that the defendant, widow, was not entitled to a homestead, and from that ruling she appealed.

*Mr. J. E. Shepherd,* for plaintiff.
*Mr. Geo. H. Brown, Jr.,* for defendant.

ASHE, J.   This is a special proceeding commenced before the clerk of the superior court of Beaufort county, by the plaintiff as administrator of John A. Leggett, against Elizabeth Leggett, his widow, and the heirs at law of his intestate who are defendants, to sell the lands descended from him, to make assets for the payment of his debts.

The intestate, John A. Leggett, owned no other land than that described in the petition, which is worth less than one thousand dollars.  He left children but they had attained their majority.  His widow, Elizabeth Leggett, who had no homestead of her own, resisted the application of the administrator and claimed her homstead in the land.

The question is, has she a right to a homestead?  By Art. X, § 2, of the constitution a homestead is provided for every resident of the state who owns land, not exceeding the value of $1,000, by exempting it from execution, &c.  By section 3 the homestead after the death of the owner thereof shall be exempt from the payment of any debt during the minority of his children or any one of them ; and by section 5 it is provided, " if the owner of a homestead die leaving a widow but *no children,* the same shall be exempt from the debts of her husband, and the rents and profits thereof shall enure to her benefit during her widowhood, unless she be the owner of a homestead in her own right."

The plain and literal construction of these sections is that they were meant, first, to secure a homestead to every resident of the state who owned land and was in debt, by exempting his land, not exceeding in value $1,000, from sale for his debts ; second, if he die in debt and in possession of a homestead. it should descend to his minor children until the youngest attain the age of twenty-one years ; and, third, if he die in debt and in possession of a homestead, leaving a widow and *no children,* it would go to her.

There would have been no question about this construction, if it had not been for the act of 1868, ch. 137, the tenth section of which provides that " if any person entitled to a homestead and personal property exemption die without having the same set apart, his widow, if he leave one, then his child and children under the age of twenty-one years, if he leave such, may proceed to have said homestead and personal property exemption laid off to her, him or them,

according to the provisions of sections seven and eight° of this chapter."

A doubt arose in the minds of some whether it was not the purpose of the legislature by the enactment of this section, to extend the homestead rights of the widow, and it is contended in her behalf in this case, that it "really gives her a homestead whether there be children or not;" but this court has given quite a different construction to the section. It has held that the purpose was to prevent the widow or children from being prejudiced by the omission of one entitled to a homestead to have it laid off in his lifetime, and to provide the mode of laying it off for them, to-wit: according to the provisions of sections seven and eight of the same act which prescribed the course of proceeding for setting it apart for residents of this state, as guaranteed by Art. X of the constitution. *Watts* v. *Leggett,* 66 N. C., 197. PEARSON, C. J., in delivering the opinion of the court in that case said: "It is hard to understand how a provision to prevent the widow and children from being prejudiced by an omission to have the assignment in the lifetime of the party entitled, can be strained so as to have the effect of giving them greater advantage than if the omission had not occurred on the part of one under whom the widow and children derive their title. The constitution makes the 'relief of the debtor' its primary purpose, and the benefit to the widow and minor children comes in merely as an incident. It cannot be supposed that the effect of the statute is to go beyond the constitution, for its professed purpose is to carry into effect the provisions of the constitution, and to secure the homestead and personal property exemption as guaranteed by Art. X of the constitution." This we think settles the construction of section ten.

But it is also insisted on the part of the widow defendant in this case, that the words in section five, Art. X, "but no children," should be construed to mean *minor children.* We

do not concur in this construction. It cannot be made without discarding the plain and unequivocal language of the constitution—"leaving a widow but no children." We think it means *no children*, neither minors nor adults. And this was the opinion expressed by RODMAN, J., in the case of *Hager* v. *Nixon*, 69 N. C., 108. The widow in this case is not entitled to a homestead.

. No error.                                    Affirmed.