**WARREN GHEEN and others v. R. R. SUMMEY.**

*Homestead—Allotment—Estoppel.*

1. The laws enacted for carrying out the provisions of the constitution, Art. X, § 1, (Bat. Rev., ch. 55,) are void against debts contracted prior to the adoption of the constitution, April 24th, 1868.

2. Where a homestead was allotted to a judgment debtor in 1870, against a debt contracted prior to 1868, and on appeal of the judgment creditor to the township board of trustees, the homestead was again allotted to the judgment debtor; *It was held*, that the judgment creditor was not thereby *estopped* from proceeding now to collect his debt by a levy upon and sale of said homestead.

3. The action of a sheriff in assigning a homestead by metes and bounds is not needed to any extent to *vest the right*, but merely as finding the *quantum* so as to enable him to ascertain the excess, if any.

(*Littlejohn* v. *Egerton*, 77 N. C., 379 ; *Lambert* v. *Kinnery*, 74 N. C., 348 ; *Spoon* v. *Reid*, 78 N. C., 244, cited, distinguished and approved.)

MOTION for an Injunction heard at Chambers on the 6th of January, 1879, before *Schenck, J.*

The record shows that the plaintiffs obtained several judgments against the defendant on debts contracted prior to 1868, and executions were issued thereon and placed in the hands of J. H. King, sheriff of Lincoln county ; that on the 19th of October, 1870, the said sheriff proceeded to summon appraisers to lay off and assign to the defendant his homestead and personal property exemptions ; that the appraisers laid off and allotted them to him and made due return of their proceedings, and the defendant appealed to the township board of trustees, who again laid off and assigned to him his homestead and personal property exemptions ; that the sheriff then proceeded to levy upon and sell by virtue of said executions all the real estate of the defendant in excess of the homestead so laid off and assigned to him ; from all of which actings and doings there was no appeal taken by the plaintiffs or either of them ; that recently other executions have been issued on said judgments and are now in the hands of the sheriff, and he has levied upon the land covered by the homestead, so laid off and set apart to the defendant, and has advertised the same for sale. Upon this state of facts set forth in the defendant's affidavit and not controverted, His Honor granted the injunction restraining the sheriff from selling the defendant's homestead, from which ruling the plaintiffs appealed.

*Messrs. Wilson & Son* and *W. H. Bailey,* for plaintiffs.
*Messrs. Gray & Stamps,* for defendant.

ASHE, J. (After stating the facts.) The inquiry for us to make is, was there error in granting the injunction? and this involves the question, whether the homestead was liable to be sold under the executions?

It has been recently decided by the supreme court of the United States in the case of *Edwards* v. *Kearzey,* at the October term, 1877, carried by writ of error from this court, that the second section of article ten of the constitution, so far as it relates to pre-existing debts, is in violation of the constitution of the United States, Art. I, § 10, forbidding the states from passing any law impairing the obligation of contracts. The act then of the 7th of April, 1869, Bat. Rev., ch. 55, which was enacted for the purpose of carrying out the provisions of that section of the state constitution, must also be void, as against the same class of debts. A legislative act may be entirely valid as to some classes of cases, and clearly void as to others. Cooley Const. Lim., 218. The act of 1869, so far then as it provides the machinery for laying off and allotting the homestead against debts contracted prior to the 24th of April, 1868, the date of the adoption of the constitution, is void; but perfectly valid as to all contracts entered into subsequent to that date. *Earle* v. *Hardie, ante,* 177.

The court below held that the proceedings had by the appraisers and the township board of trustees in regard to the homestead of the defendant were *res adjudicata,* and worked an estoppel of record against the plaintiffs; and in support of the position relied upon the case of *Spoon* v. *Reid,* 78 N. C., 244. But on looking into that case, it is not made to appear when the debt sought to be enforced was contracted— whether before or after the adoption of the constitution— and upon the maxim *"omnia præsumuntur esse rite acta;"* we must take it for granted that the debt which was the subject of action in that case was contracted subsequent to the .

24th of April, 1868; otherwise the decision would be er-roneous.

The act of April 7th, 1869, being void as to debts con-tracted prior to the 24th of April, 1868, then all the provis-ions of that act with regard to the machinery for carrying out the provisions of the constitution, are void as to the same class of debts. Therefore, neither the appraisers authorized by that act, nor the township board of trustees on appeal, have any jurisdiction in regard to such debts, and their acts are absolutely void. They had no more authority to decide the matter than any other body of citizens who might choose to exercise the power. In order to be conclusive, the judg-ment relied on as *res adjudicata* must have been one of a legally constituted court. Bigelow on Estoppel, 13; *Rogers* v. *Wood*, B. & A., 224. And in Freeman on Judgments, 252, it is laid down that a judgment to constitute an estoppel must proceed from a court of competent jurisdiction. Then neither the appraisers nor the township board of trustees having authority to lay off and allot to the defendant his homestead against the debt of the plaintiffs, there is no es-toppel of record against them. Nor is there any estoppel *in pais*. And this conclusion of the non-existence of an estoppel, as it seems to us, results from and is in harmony with the estate of a debtor as it existed under our constitu-tion and the exposition thereof by the decisions of this court.

It is settled by the construction of this court that the homestead right is a quality annexed to land, whereby an estate is exempted from sale under execution for a debt, and it has its force and vigor, in and by the constitution, and is in no wise dependent on the assent or action of the creditor. And, therefore, it results, as has been expressly held, that the action of the sheriff in assigning the same by metes and bounds is not needed to any extent to vest the right, but merely as finding the *quantum*, so as to enable him to ascer-

tain the excess, if any, and to levy on and sell it.  *Littlejohn* v. *Egerton*, 77 N. C., 379; *Lambert* v. *Kinnery*, 74 N. C., 348.

By force of such existence of the homestead right, and the estate of the debtor therein, the creditor, as it is seen, has no agency in its existence or assignment; but it is simply an impediment thrown in his way by the constitution; and having been declared invalid by the decision in the case of *Edwards* v. *Kearzey*, as against pre-existing debts, the suspension of the remedy of such creditors no longer exists, and there is no obstacle to the levy and sale under their executions, by the constitution, or any act or conduct of the creditors, as an estoppel on them as against their debts, unless the debtor be entitled to a homestead under some statute previously enacted and in force when the debts were contracted.

It is to be regretted that the homestead question has not been permitted to remain in the repose it had assumed before the decision in *Edwards* v. *Kearzey*, but we must administer the law as we find it.  There is error.  The order of injunction is reversed and the injunction dissolved.

Error.          Reversed.