D. L. SAYLOR and others v. B. F. POWELL and others.

### *Homestead.*

1. A widow is not entitled to homestead in lands of her husband if he die leaving children—minors or adults.

2. An heir twenty-one years old is not entitled to homestead in the lands of his ancestor.

(*Wharton* v. *Taylor*, 88 N. C., 230; *Wharton* v. *Leggett*, 80 N. C., 169, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of ANSON Superior Court, before *MacRae, J.*

This is a creditors' bill filed by the plaintiffs against the defendants, who are the widow and son of Henry Powell, deceased, who died intestate, and seized and possessed of the house and lot, in the town of Wadesboro, described in the complaint. The son and only heir was more than twenty-one years of age, and was the administrator of the intestate's estate. The plaintiffs are creditors of the intestate, and had obtained judgments against him which were regularly docketed in the superior court.

The defendants' intestate was possessed of very little personal estate—not more than sufficient to pay his funeral expenses, and the charges incident to the administration, and the taxes due upon his real property, which is the only resource for the payment of

the plaintiffs' debts. They have demanded payment of the administrator, but he has taken no steps for the satisfaction of their claims; and they therefore ask that the house and lot be sold and the proceeds made assets to pay the decedent's debts.

The defendants deny the plaintiffs' right to have the land sold, for the reason that B. F. Powell, the son and only heir of the deceased, is entitled to his homestead in the same, and the defendant Harriet, the widow, is entitled to her dower and homestead therein.

His Honor adjudged that the house and lot be sold subject to the dower of the widow, and from this judgment defendants appealed.

*Messrs. J. A. Lockhart* and *Little & Parsons,* for plaintiffs.
*Mr. J. D. Pemberton,* for defendants.

ASHE, J. The only question presented for the determination of this court is, whether the defendants, or either of them, are entitled to a homestead in the house and lot.

The claim set up by the widow for a homestead is decided in the case of *Wharton* v. *Leggett,* 80 N. C., 169, where it is held that, under article ten, section five of the constitution, a widow is not entitled to a homestead in the lands of her husband, if he die leaving children—minors or adults.

And the defendant B. F. Powell is not entitled to a homestead, either under the constitution or under the act of 1877, ch. 253. It is alleged in the complaint that he was twenty-one years old, which is not denied. So that even if he was a minor when his father died, and he was then entitled to a homestead, the right ceased as soon as he attained his majority. Const., Art. X, §3. Nor is he entitled to it by virtue of the act of 1877, for that act has been declared to be in violation of the constitution of the state. *Wharton* v. *Taylor,* 88 N. C., 230.

There is no error. Let this be certified, that the case may be proceeded with in accordance with this opinion and the law.

No error. Affirmed.