AIKEN, LAMBERT & CO. v. S. F. GARDNER.

*Homestead—Allotment—Appraisers—Levy—Equities of Judgment—Creditors and Mortgagees—Appeal from Allotment.*

1. The homestead of a person, against whom there was a docketed judgment and several subsequent mortgages of record, and a bond for title covering the homestead allotment and the excess above it levied on, was allotted to him by appraisers on February 25th, 1889, and exceptions thereto were filed on March 19th following. There were no exceptions that raised the question of the *value* of the homestead, whether or not it was worth more than $1,000: *Held*, (1) the exception was in apt time; (2) there was no issue presented which it was the duty of the Court to pass upon in this proceeding.

2. The equities between the parties having liens on the lands cannot be passed upon in an appeal from the appraisers. Their duties extended no further than the valuation and allotment of the homestead.

AIKEN *v.* GARDNER.

This is a question as to the allotment of a homestead, heard on objections filed before *Bynum, J.*, at March Term, 1889, of the Superior Court of DURHAM County.

The case on appeal, as stated by the Judge, is as follows:

1. It is admitted that the judgment under which the execution was issued and homestead allotted was docketed in Durham County, February 22d, 1886.

2. It is admitted that the mortgages to Wyatt, Womble and others were dated—Womble, 30th of April, 1887; to Mrs. Gardner, August, 1887; Wyatt & Bowling, 7th of December, 1887, covering the land levied on and included in homestead allotment.

3. The contract with Rhine was dated April 20th, 1885, and registered March 27th, 1889; and on 7th of February, 1888, another contract was made with the same party, and registered March 27th, 1889.

4. The execution was issued February 21st, 1889; homestead allotment made February 25th, 1889; Rhine filed exceptions on March 19th, 1889.

5. Defendant purposes to file his exceptions April 1st, 1889.

6. The date of bond for title to Gardner was 20th of April, 1885; deed made in pursuance to this, 9th of May, 1887. This deed was registered.

The plaintiffs moved to dismiss the exceptions filed by Gardner and Rhine, upon the ground that Gardner's was not taken in apt time, and that Rhine had no such intent as to allow him to file exceptions, as shown by the exceptions themselves

Defendant insisted they were in apt time, as the return of the appraisers did not show when it was filed, and that there was no minute returned on the docket of the Clerk showing the time of filing  Plaintiff admitted this to be so, and asked leave to examine the Clerk and Sheriff to prove the time of filing, and to have the record made *nunc pro tunc.*

The Court admitted the testimony. The Clerk was sworn by the Court, and testified that the return was filed in his office on 17th of March, 1889, or either that he did not enter the same because his fees were not-paid, and he was not requested to do so by the plaintiff; that he made no transcript to be filed with the Register for same reason; Clerk further testifies that no transcript was filed by the officer at all, only the original; Clerk further testifies that he made no entry of it at all, did not mark it filed, but put the return in the box containing the judgment. The Court allowed the Clerk to make the record showing the date of filing. The Court overruled the plaintiff's motion to dismiss. Plaintiff then moved to overrule the exceptions of the defendant Gardner, and of Rhine, upon the ground that the exceptions did not show that the land actually allotted to the defendant was not worth one thousand dollars, and that the question as to the equities of the parties could not be raised in this proceeding.

The defendant proposed to prove that the money alleged to be due on the mortgages was for part of the purchase-money of the land; that Mrs. Gardner had loaned her husband $300 October 20th, 1885; $400, April 22d, 1887, to pay for the land, and that then the deed was executed to her husband; it was turned over to her by her husband to be held until she was reimbursed; that this money was her separate property. The defendant asked the Court to submit the following issues: The allotment of homestead, the mortgage, the contract, the receipts of Mrs. Gardner, the bond for title, the deed, judgment and execution, and the exceptions filed with this statement to constitute case in Supreme Court.

The Court excluded the evidence offered by defendant, refused to submit to the jury the issues tendered, and held, as a matter of law—

That the record by the Clerk *nunc pro tunc* did not debar defendant Gardner of his right to file exceptions; that the only inquiry in this proceeding was the actual value of the land allotted, and that in this proceeding the questions raised by defendant and Rhine could not be raised and passed upon, and as the exceptions did not allege the land actually allotted was not worth $1,000, the exceptions should be overruled, and defendant excepted.   Appeal prayed and granted.

*Messrs. J. C. L. Harris* and *R. W. York*, for plaintiffs.
*Messrs. W. W. Fuller* and *J. S. Manning*, for defendant

AVERY, J.—after stating the facts: There was no exception that raised the question, whether the homestead allotted was worth more or less than one thousand dollars.   The Judge below finds that the objections were filed in apt time, but holds that no issue was raised by them which it was his duty to submit in this proceeding.   We concur with His Honor in the opinion that the equities set up by the parties cannot be passed upon on an appeal from the appraisers, whose duties extended no further than the valuation and allotment by bounds of the homestead.   *Gulley* v. *Cole*, 102 N. C., 333; *Thornton* v. *Vanstory*, at this term.

Affirmed.