FRANCIS E. WILLIAMS et al. v. JOHN R. WHITAKER et al.

*Homestead—Proceeding in rem—Notice—Estoppel—*
*Jurisdiction—Widows.*

1. The allotment of a homestead does not confer or divest any title and is not strictly, but a *quasi* proceeding *in rem;* and only those persons having actual or constructive notice are bound thereby.

2. The allotment of a homestead to one having no right thereto is void, and may be attacked collaterally.

3. The allotment of a homestead to a widow upon the lands of her deceased husband—there being children of the marriage—is without jurisdiction and is void; and the heirs are not estopped thereby.

This is a SPECIAL PROCEEDING for partition, tried upon issues joined before the Clerk, at May Term, 1891, of HALI-FAX Superior Court, *Connor, J.,* presiding. ·

There was judgment for plaintiffs, from which defendants appealed.

The facts are stated in the opinion.

*Mr. J. M.Mullen,* for plaintiffs.
*Mr. R. O. Burton,* for defendants.

SHEPHERD, J.: The plaintiffs claim as purchasers from two of the heirs at law of Jesse Heptinstall and the title of the defendants is derived from another of the said heirs and the widow of the said Jesse. The plaintiffs therefore are the

owners as tenants in common of an undivided two-thirds interest in the land mentioned in the petition, and they are entitled to a decree directing that the same be sold for partition, unless the right of partition is to be postponed until the expiration of the homestead (which includes the whole tract) by the death of Ophelia, the said widow. The plaintiffs contend that the allotment of the homestead is void as to them; and inasmuch as such allotment does not constitute color of title (*Keener* v. *Goodson*, 89 N. C., 273), and the possession, even if conceded to be adverse, has been continued for a period shorter than twenty years, it must follow that the only question presented for our consideration is whether the allotment is void as to the plaintiffs, and for that reason subject to collateral attack. There being children, it is conceded that the widow was not entitled to a homestead (*Wharton* v. *Leggett*, 80 N. C., 169; *Gregory* v. *Ellis*, 86 N. C., 579), but it is insisted that the proceeding under which the allotment was made, is a proceeding *in rem* and, therefore, conclusive against all persons and cannot be impeached. Such is the effect of a proceeding of that character in its strictest sense, but it is very clear that the allotment of a homestead is not such a proceeding, as it does not condemn or operate upon the title of property, but simply sets apart a portion of it as exempt from execution for a limited period. "The object and purpose of a proceeding purely *in rem* is to ascertain the rights of every possible claimant; and it is instituted on an allegation that the title of the former owner, whoever he may be, has become *divested;* and notice of the proceeding is given to the whole world to appear and make claim to it." *Woodruff* v. *Taylor*, 20 Vt., 65; Duchess of Kingston's Case, 2 Smith's L. C., 694; *Waple's Proc. In Rem.* ch. 1.

The decree in such a proceeding is binding upon the whole world, and it cannot be seriously contended that the mere allotment of a homestead to one who has no title can estop

the true owner, who has had no notice, from asserting his rights of property. Again, constructive notice, as we have seen, must be given to the whole world, and under proceedings for the allotment of a homestead the creditors are the only persons who are required to be notified by the "advertisement" provided in *The Code*, § 515.

These considerations are sufficient to show that the proceeding is not strictly, but at the most, only *quasi in rem;* in which case it is well settled that so far as the rights of specific property are concerned, no one but parties having actual or constructive notice are bound. Waple's Proc. *In Rem.,* ch. 56; Dutchess of Kingston's Case, notes, *supra; Hornthal* v. *Burwell,* 109 N. C., 10.

The children were not parties, nor was there any actual or constructive notice given, or required to be given to them, since their mere existence precluded the widow from having a homestead in the said land. The only persons who could be affected were the creditors, and these only as to the manner and extent of the allotment, the duty and authority of the appraisers extending no further than to make the same. *Aiken* v. *Gardner,* 107 N. C., 236. As we have said, the simple allotment of the homestead does not confer or divest any title, and we think it quite clear that if the widow were suing the children or their grantees under this allotment, she could not recover.

Conceding however, that the allotment proceeding was a proceeding *in rem* in its strictest sense, it would nevertheless be entirely void, unless the Justice of the Peace had jurisdiction to act in the premises. Jurisdiction is, of course, as essential in this as in all other cases (Waples *supra*), and if it is to be determined by the *right* to have a homestead set apart as against the children, it must follow that the Justice of the Peace had no authority, and the allotment was void. That such is the principle by which jurisdiction is to be determined in this particular proceeding, is apparent from

the case of *Gheen* v. *Summey*, 80 N. C., 187. In that case a homestead had been allotted to a judgment debtor in 1870, against a debt contracted prior to 1868, and, on the appeal of the judgment creditor to the township board of trustees, the homestead was again allotted to the judgment-debtor; it was held that the judgment-creditor was not thereby estopped from proceeding to collect his debt by a levy and sale of the homestead. The principle of the decision is that the Supreme Court of the United States having decided (*Edwards* v. *Kearsey*) that our constitutional provision relating to the homestead was in violation of the Federal Constitution as to pre-existing debts, the machinery for setting apart the homestead as to such debts was void, and therefore the appraisers had no jurisdiction, and their acts were also "absolutely void." The Court said that "they had no more authority to decide the matter than any other body of citizens who might choose to exercise the power. In order to be conclusive, the judgment relied on as *res adjudicata* must have been one of a legally constituted court * * * of competent jurisdiction. Then neither the appraisers nor the township trustees having authority to lay off and allot to the defendant his homestead against the debt of the plaintiffs, there is no estoppel of record against them, nor is there any estoppel *in pais*." It will be observed that the authority of the appraisers is made to depend entirely upon the right of homestead as against the pre-existing indebtedness mentioned. If this is the true principle, its application to the present case is very plain. The widow had no right under our Constitution to a homestead in this instance, and accordingly the machinery provided by the Legislature for setting it apart, was either inapplicable or void as to her. See also *Grant* v. *Edwards*, 86 N. C., 513.

It is insisted upon the authority of *Neville* v. *Pope*, 95 N. C., 346, that upon the face of the record it must be taken that the Justice of the Peace had jurisdiction. In that case,

a *feme covert* was sued before a Justice of the Peace, and failing to plead her coverture, a judgment was rendered against her. This Court refused ·to declare the judgment void for want of jurisdiction, on the ground that a married woman could under some circumstances become liable for a contract or tort which was cognizable by a Justice of the Peace, and that until the judgment was set aside for irregularity, it would conclusively assume that "the cause of action was such a one as warranted the judgment." We do not see how this decision applies to the case before us, as we have seen that under no circumstances has a Justice of the Peace authority to set apart a homestead, where the homestead right does not exist. In *Gheen* v. *Summey, supra,* the creditor who actually appeared as a party, and against whom a final judgment was rendered, was held not to be estopped, and this because the appraisers were acting without authority; a *fortiori* should this be so as to the children who were neither actual nor constructive parties to the proceeding under consideration.

We are of the opinion that the ruling of his Honor was correct, and that the judgment should be affirmed.

Affirmed.