## W. A. CAMPBELL v. NANCY L. POTTS.

*Action to Recover Land—Plea of Homestead Exemption—Dismissal of Action—Former Judgment—Res Judicata—Pendency of Another Action.*

1. Where, in the trial of an action to recover land, the plaintiff relied upon a judgment rendered against defendant's husband prior to the Constitution of 1868, execution thereon and sheriff's deed to the purchaser under whom plaintiff claimed, and the defendant objected to the judgment because it contradicted the sheriff's deed, which showed that the land was sold subject to the homestead of defendant's husband; *Held*, that, inasmuch as the homestead right did not attach under the judgment rendered on a debt prior to 1868, the judgment was admissible in evidence.

2. In the trial of an action to recover land the pendency of a summary process of ejectment before a justice of the peace, under the Landlord and Tenant Act, between the same parties, cannot be pleaded in bar, since the question of title is not within the jurisdiction of the justice of the peace.

3. Where, in an action to recover land, the defendant pleaded in bar a former judgment in an action brought against her by plaintiff's grantor, in which defendant had denied the grantor's title, but it appeared that there had been no trial of such former action, but only a judgment of dismissal ; *Held*, that such judgment of dismissal was not a bar to the existing action.

CIVIL ACTION, for the recovery of land, tried before *Brown, J.*, at Fall Term, 1896, of LINCOLN Superior Court. There was a verdict for the plaintiff upon the usual issues in ejectment, and from the judgment thereon the defendant appealed. The facts and grounds assigned as error appear in the opinion of Associate Justice FURCHES.

CAMPBELL *v.* POTTS.

*Mr. L. B. Wetmore,* for plaintiff.
No counsel for defendant (appellant).

FURCHES, J. : This is an action of ejectment, and the defendants, except Nancy L. Potts, disclaim title. And besides denying the plaintiff's title, she pleads two judgments in actions brought by J. L. Carter, the grantor of plaintiff, against the defendant Nancy for the possession of the land in controversy, and the pendency of one of these actions at the commencement of this action.

Upon the trial the plaintiff introduced a judgment in favor of one Charles Beal against J. A. G. Potts, the then husband of the defendant, Nancy, the execution issuing thereon, and the sheriff's deed to J. D. Campbell. The defendant objected to this judgment (which was before the Constitution of 1868) for the reason, as she alleged, that it contradicted the sheriff's deed, which showed that the land was sold, subject to the homestead of J. A. G. Potts.

This exception cannot be sustained. The judgment was certainly competent evidence, and as to what it proved or failed to prove was a matter for the court and jury. The land being sold under a judgment taken before the Constitution of 1868, the defendant was not entitled to a homestead. *Edwards* v. *Kearzey,* 79 N. C., 664 ; *Long* v. *Walker,* 105 N. C., 90. The sheriff's deed to John D. Campbell, made under this judgment, is not set out, nor does it sufficiently appear from the statement of the case on appeal, to inform us whether it conveys the land subject to J. A. G. Potts' homestead right, or whether it conveys the land subject to a certain boundary called the homestead of said Potts. This would make a material difference. For, if it was conveyed subject to Potts' homestead or right to homestead, as we see that he was not entitled to a homestead, the deed conveyed the entire tract.

But, if it conveyed the land subject to a described boundary, allotted or claimed by Potts as his homestead, it is manifest that this boundary did not pass by the sheriff's deed, for the reason that it was not sold, nor was it conveyed, as it was not included within the description of his deed. But it devolved on the defendant to show this, as she alleges error, and it devolves on her to show it before this Court will be justified in declaring error and reversing the judgment of the court below.

But we do not see that this matter of homestead is a material question to be considered in the determination of this case, for the reason that if J. A. G. Potts, the husband of the defendant, Nancy, had no homestead, she got none, and if the sheriff's deed was so drawn as to give him a homestead, the defendant, Nancy, did not get it, for the reason that her husband, J. A. G. Potts, left children living at his death. Constitution, Art. X., Sec. 5; *Simpson* v. *Wallace*, 83 N. C., 477; *Hager* v. *Nixon*, 69 N. C., 108; *Wharton* v. *Leggett*, 80 N. C., 169. And the only title she had was under the deed to her and her children from John D. Campbell, and this title the plaintiff claims to have acquired. And for the purpose of showing this he introduced in evidence a deed from Carter to him, a deed from Cobb, Commissioner, to sell for partition, to Carter, and the proceedings and order of sale, a deed from the sheriff to Carter for the defendant Nancy's interest in the land, and the judgment of Campbell against the defendant Nancy for the purchase money, it being so declared in the judgment, the execution, sale thereunder and sheriff's deed to said Carter.

This deed of the sheriff to Carter for the defendant Nancy's one-eighth constituted Carter a tenant in common with the children of J. A. G. Potts, and authorized him to bring the proceedings for partition and sale; and the

defendant could not claim the homestead against the judgment of Campbell her vendor, as the judgment was for the purchase money and was so declared in the judgment. Constitution, Article X., Section 2.

So it is seen that plaintiff and defendant Nancy both claim under John D. Campbell; and plaintiff shows that by means of the judgment of John D. Campbell for the purchase money, and the sale and deed of the sheriff, he has acquired and become the owner of defendant Nancy's interest in the land, and by the proceedings and sale for partition the owner of the entire tract.

This leaves the defendant Nancy to the defenses of estoppel and of actions pending at the commencement of this action, and neither of these defenses can be sustained.

One of these was a proceeding before a justice of the peace under the Landlord and Tenant Act. This defense cannot be sustained for two reasons: First, for the reason that a justice's court had no jurisdiction of a question of title to land; and, secondly, because the plaintiff took a nonsuit.

This action, commenced before the justice of the peace, seems to have been pending, by appeal, at the commencement of this action. But the plea of another action pending cannot be maintained in this action for the same reason. That is, that as a justice of the peace had no jurisdiction of a question of title to the land, no such issue could be tried by him. And the superior court upon appeal acquired no greater jurisdiction than the justice of the peace had. Neither is the plaintiff estopped by the other action of his grantor, Carter. There was no trial in that action, but simply a judgment dismissing the plaintiff's action. Therefore, upon a consideration of the whole case, we find no error, and the judgment is affirmed.

Affirmed.