NORWOOD L. SIMMONS, Admr., v. HATTIE RESPASS et als.

(Filed 15 September, 1909.)

1. Homestead—Rights of Widow—Children—Constitution—Interpretation.

   The widow by a second marriage of one who died seized and possessed of land leaving no children by her, is not entitled to the benefit of a homestead therein, when he has left children by his first marriage, though they are adult. The meaning of the language of the Constitution is too plain for construction, that in speaking of children the instrument refers to children of the deceased owner. Constitution, Art. X, secs. 2, 3, 5.

2. Executors and Administrators—Debts—Sales—Assets—Dower.

   When the widow's claim of homestead is rightfully denied in proceedings by the administrator on partition to sell lands to make assets to pay her deceased husband's debts, an order directing that her dower be assigned, and, subject thereto, the land be sold for assets, is the proper one.

APPEAL from *Peebles, J.,* February Term, 1909, of BEAUFORT. Petition to sell land for assets, heard on appeal from the clerk

of the Superior Court and on case agreed. The facts agreed upon were as follows:

1. That on or about the ____ day of July, 1908, Fred. Respass died intestate in the county of Beaufort and seized of the lands described in the petition in this cause.

2. That the said Fred. Respass left debts aggregating $350, and it is necessary to have a sale of his real estate to make assets with which to pay those debts.

3. That N. L. Simmons is the duly appointed and qualified administrator of the said Fred. Respass.

4. That said Fred. Respass was married twice, and by his first marriage he had two children, to-wit, John B. Respass and Esther Respass, who are over twenty-one years of age.

5. That their mother, the first wife of Fred. Respass, predeceased him, having died ____ years ago.

6. That about February, 1908, said Fred. Respass intermarried with Hattie Respass, one of the defendants, and was living with her in the relation of husband and wife at the time of his death.

7. That he has no children as the issue of the marriage with the said Hattie Respass.

8. That Hattie Respass is not the owner of a homestead in her own right.

9. That the said Fred. Respass was entitled to homestead exemption, but no homestead was allotted to him during his lifetime.

Upon the foregoing statement of facts the said Hattie Respass contends that she is entitled to a homestead out of the lands of the said Fred. Respass. The administrator contends that she is not entitled to a homestead.

On these facts the clerk adjudged that the widow was not entitled to a homestead in the lands of her deceased husband, and directed that her dower be assigned, and subject thereto that the land be sold for assets. This judgment was affirmed by the court, and the widow, Hattie Hespass, excepted and appealed.

*Ward & Grimes* for defendant.
No counsel *contra.*

HOKE, J., after stating the facts: It was contended for the claimant, Hattie Respass, that when the Constitution conferred upon the widow the right to a homestead, in case there were "no children," these words should be construed to mean no children of the deceased and the widow making the claim; but, in our opinion, both the language of the Constitution and authoritative interpretations of it are against defendant's position.

The sections of our Constitution controlling the question (Article X, sections 2, 3, 5) provide as follows:

"Sec. 2. Every homestead and the dwellings and buildings used therewith, not exceeding in value $1,000, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town or village, with the dwellings and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of $1,000, shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes or for payment of obligations contracted for the purchase of said premises.

"Sec. 3. The homestead, after the death of the owner thereof, shall be exempt from the payment of any debt during the minority of his children or any one of them.

"Sec. 5. If the owner of a homestead die, leaving a widow, but no children, the same shall be exempt from the debts of her husband, and the rents and profits thereof shall inure to her benefit during her widowhood, unless she be the owner of a homestead in her own right."

A perusal of these sections makes it clear, and the meaning is too plain for construction, that in speaking of children the instrument refers to children of the deceased owner, and that no special reference is made to them as children of his widow or any former wife. Thus, in section 3, "If the owner die, the homestead shall be exempt, etc., during the minority of his children or any one of them"; section 5, "If the owner die, leaving a widow and no children," etc.

It is urged for the defendant that the reason of the thing tends to sustain her position, as a widow should not be required to depend for support on the kindness and good will of adult children by a former wife. To this it may be answered that in case the owner die, leaving a widow and also children, minors or adults, that dower is the estate especially favored and designed by the law for the protection and support of the widow. In *Watts v. Leggett,* 66 N. C., 197, it has been held that the widow's dower is the superior right when both claims attach to the same property. The true answer, however, is that the Constitution, in language too plain for construction, only confers the right of homestead on a widow in case the owner dies, leaving no children by the widow or any other lawful wife.

There are decisions of this Court which bear upon this question and tend strongly to support this view of the case. Thus, in *Wharton v. Leggett,* 80 N. C., 169, approved in *Taylor v. Powell,* 90 N. C., 202, it was contended that by fair and reasonable interpretation the Constitution should be construed to confer upon

the widow the right of homestead when the husband had died, leaving only adult children, and that the term "no children," in section 5, Article X, should be construed to mean "no minor children." But this view was rejected by the Court, and *Ashe, J.*, delivering the opinion, said: "The plain and literal construction of these sections is that they were meant, first, to secure a homestead to every resident of the State who owned land and was in debt by exempting his land, not exceeding in value $1,000, from sale for his debts; second, if he die in debt and in possession of a homestead, it should descend to his minor children until the youngest attain the age of twenty-one years; and, third, if he die in debt and in possession of a homestead, leaving a widow and no *children,* it would go to her." And, again, on page 171, "But it is also insisted on the part of the widow defendant that the words in section 5, Article X, 'but no children,' should be construed to mean minor children, but we do not concur in this construction. It cannot be made without discarding the plain and unequivocal language of the Constitution—leaving a 'widow, but no children.'" And so we hold here. The Constitution is speaking of the homestead throughout in special reference to the owner; and when it says if the owner of the homestead die, leaving a widow, but no children, the instrument means what it plainly says, and no other interpretation is permissible.

There is no error, and the judgment below is affirmed. See, also, *Wharton v. Taylor,* 88 N. C., 230, as to the correctness of the order entered.

Affirmed.