GEORGE W. FULP, Administrator, c. t. a., of William Brown,
Deceased, v. MARY A. BROWN.

(Filed 7 December, 1910.)

1. **Homestead—Widow—Constitutional Law—Creditors.**

The Revisal, sec. 707, was enacted for the enforcement of the
provisions of Art. X, sec. 5, of our Constitution, and construed
together it is, among other things, required of the personal repre-
sentatives of the deceased husband to have the homestead in the
lands of the deceased allotted by metes and bounds to his widow,
in an action to sell lands to make assets to pay debts when there
were no children, where the deceased had had no homestead laid
off in the lands and the wife had no homestead of her own.

2. **Homestead—Exemption Right—Estate—Interpretation of Statutes
—Constitutional Law—Sales.**

Our Constitution and laws relating to the homestead do not
create or confer any new property rights, but only an "exemption
right" operating on the creditors and the agencies provided by
law for the collection of claims requiring, in the instance of real
estate, that the exemption be given effect before a valid sale can
be made.

3. **Same—Widow—Will—Election.**

When a widow is entitled to her homestead in the lands of her
deceased husband under the provisions of Art. X, sec. 5, of our
Constitution and of Revisal, sec. 707, she is not put to her election
to take under the will, as in this case, a life estate in the lands,
or to dissent from the will, in order to receive the benefits of the
homestead conferred by the law; and she is not barred of her
right, by entering upon and enjoying the lands devised to her.

4. **Homestead — Interpretation of Statutes — Constitutional Law —
Creditors—Sales—Parties.**

A widow having the right to a homestead in the lands of her
deceased husband, Constitution, Art. X, sec. 5; Revisal, sec. 707,
is not required to take action for the preservation of this right;
and before the land can be validly sold by the personal represen-
tatives to make assets for the payment of the debts of the de-
ceased the homestead must first be assigned.

APPEAL from B. F. Long, J., at the February Term, 1910, of
FORSYTH.

Petition to sell land for assets transferred from clerk to the civil
docket on issues raised. On the hearing it appeared that in "April,

1907, William Brown died leaving a last will and testament, and on 27 May, 1907, George V. Fulp was appointed administrator *c. t. a.* of William Brown, by the clerk of the court of Forsyth County, and at once entered upon the administration of the said estate. At the time of the death of the said William Brown, he was seized in fee simple of a tract of land consisting of seventy-six acres and personal estate amounting to eighty dollars. This $80 has been applied by the administrator to pay debts of William Brown, deceased, and there are still outstanding debts against the estate amounting to about $300 which the administrator is unable to pay, unless a part of the land be sold. 10 December, 1908, more than eighteen months after the will had been probated, the administrator filed a petition before the clerk of the Superior Court of Forsyth County to sell a part of the said lands to make assets to pay debts, and on 12 January, 1909, Mary Brown, widow of William Brown, deceased, filed an answer claiming that she was entitled to homestead in the lands of her husband."

It further appeared, by admission of parties, "that William Brown died in April, 1907, without children, and without a homestead having been allotted to him, leaving the said Mary A. Brown, defendant, his widow. The said Mary A. Brown has continued a widow, and no homestead has been allotted to her in her own right. It is admitted by the defendants that the widow of the testator Mary A. Brown has not dissented from the will." The will devised the land to the widow for life, etc. Upon the foregoing evidence and admissions, the court being of opinion that the period of time having expired wherein the widow could dissent from the will and she having elected to take under the will, she is not now entitled to have a homestead allotted. Judgment was thereupon entered that the land be sold to make assets and the widow Mary A. Brown excepted and appealed.

*G. H. Hastings* for plaintiff.
*Lindsay Patterson, Clem G. Wright* for defendant.

HOKE, J. Article X of our Constitution on homesteads and exemptions contains the provision, section 5, that if the owner of a homestead die leaving a widow, but no children, the same

shall be exempt from the debts of her husband, and the rents and profits thereof shall enure to her benefit during her widowhood unless she be the owner of a homestead in her own right. In enforcement of this provision the Legislature has enacted Revisal 1905, sec. 707, that if one entitled to a homestead die without having had the same allotted, his widow, if he leave no children, may "proceed to have the homestead laid off to her by petition, and if she shall fail to have the same set apart in that manner, then and in such event it shall be the duty, in an action brought by the personal representative of such decedent, to subject the realty of such decedent or intestate to the payment of debts and charges of administration, of the court, to appoint three disinterested freeholders, to set apart the homestead by metes and bounds," etc.

While our decisions have not been in entire accord as to the exact nature of the homestead interest referred to in these provisions, it has come now to be accepted doctrine that they do not create a new estate or confer any new property rights in an old one but only an "exemption right," a "determinable exemption" as it has been called in some of the cases, operating on the creditor and the agencies provided for the collection of the debt by law and requiring in the case of real estate certainly that the exemption be given effect before a valid sale can be made. *Lumber Co. v. Parker,* at the present term; *Bruton Ex. v. McRae,* 125 N. C., p. 207; *Bank v. Green,* 78 N. C., 247; *Lambert v. Kinnery,* 74 N. C., p. 348. We have been referred to several decisions in our own and other courts, notably *Tripp v. Nobles,* 136 N. C., p. 99, to the effect that a widow who qualifies as executrix or administratrix with will annexed, is estopped to claim title except under the will, but these decisions and the principle of election which they uphold have no place in view of the constitutional provision and statutes in enforcement of same, which forbid that a sale of a debtor's land be made, unless and until the exemption provided by law be given effect. The power to sell lands for the payment of debts is a right created by law, and when the statute conferring or regulating the right expressly enacts that no officer having final process against a living debtor shall make a sale thereunder, and no court shall order such sale

in any action for the purpose by the representative of the testator or intestate, until the exemption provided for by the Constitution shall be first set apart, these requirements operate and are effective on the creditor and no valid sale can be made until they are complied with. *Bruton Ex. v. McRae, supra;* *Bank v. Green, supra.* The same policy has been enacted into law in reference to the widow's dower interest, Revisal, sec. 3082, and has been applied in *Ex Parte Avery,* 64 N. C., p. 113, and in other cases. This last statute contains the express provision, "Although she has not dissented from her husband's will." This was no doubt for the reason that dower being a recognized estate in the widow to be ascertained and set apart usually at her instance, such a provision was necessary to prevent the operation of the principle of election and estoppel, referred to and approved in *Tripp v. Nobles, supra,* but in case of the homestead exemption no action on the part of the widow is required. On the facts of this case the law makes her a necessary party, and the statute passed to carry out the constitutional provision forbids any court or officer from bringing a debtor's land to sale for debt until the exemption allowed by law has been properly set apart. Our attention has been called to one or two cases in other States in which a widow was deprived of her homestead exemption by reason of the fact that she had elected to take under her husband's will. It would serve no good purpose to enter on a critical examination and comparison of the Constitution and laws of those States to ascertain if any valid distinction might be made. In the cases to which we were especially referred, *Watson v. Christian* and *Same v. Skillman,* 75 Ky., p. 524, the principle contended for by petitioner was established by a divided court, and in our view the dissenting judge takes the stronger position. Certainly the principles of the decision may not be allowed to prevail in this jurisdiction, being as it is in contravention of our constitutional provision and a statute explicit in terms and plain of meaning expressly enacted to give the same effect. On the admissions and facts in evidence, we are of opinion that the widow is entitled to her homestead exemption, and this will be certified, to the end that the same be allotted to her according to the statute.

Reversed.