CHARLIE BARNES AND ALEX BARNES, HIS WIFE, v. RUFUS CHERRY AND HANNA B. CHERRY, HIS WIFE, AND A. F. LEIGHTON AND FRANKIE J. LEIGHTON, HIS WIFE.

(Filed 16 December, 1925.)

**1. Homestead—Judgments—Liens—Statutes.**

The allotment of a homestead suspends the enforcement of all judgments during the continuance of the homestead interests. C. S., 728.

**2. Same—Duration of Exemption — Widow — Children — Constitutional Law.**

Where the owner of a homestead against which there are judgment liens dies leaving surviving a widow and minor children, the widow is not entitled, as against such liens, to a homestead in the lands of her deceased husband during the life of the child or children by the marriage, whether minors or adults, but if there are no children, the lands shall be exempt from execution during the lifetime of the widow. Const., of N. C., Art. X, secs. 3 and 5.

**3. Same—Minor Children—Majority.**

Where there are judgment liens against a deceased owner of lands leaving surviving a widow and children, a homestead therein laid off is exempt until the youngest child reaches the age of twenty-one, at which time the homestead right falls in, and not at the prior time of the death of the widow.

APPEAL by defendants from a judgment of *Sinclair, J.,* at June Term, 1925, of the Superior Court of EDGECOMBE County on an agreed statement of facts. C. S., sec. 626 *et seq.*

On 10 January, 1869, James W. Draughan acquired title to a tract of land containing 240 acres. Several judgments were recovered against him in each of the years 1876, 1877 and 1881, and one judgment in 1883. Executions were issued on the first five of the judgments recovered in 1876 and on 15 December, 1876, the judgment debtor's homestead was allotted in 110.2 acres, a part of the 240-acre tract, and on the record of these judgments is the entry, "No property to be found in excess of homestead and personal property exemption." James W. Draughan died in 1884, leaving surviving him his widow, S. H. Draughan and four children: Wallace Askew, Alex Barnes, Hanna B. Cherry, and Frankie J. Leighton. S. H. Draughan qualified as his administratrix and filed an account current on 1 February, 1885, but filed no final account. At the October Term, 1890, of the Superior Court, E. A. Draughan obtained a judgment against S. H. Draughan, administratrix of James W. Draughan, for $2,000, which was declared to be a lien on the homestead of James W. Draughan, subject to the rights of the children until the youngest arrived at the age of twenty-one. Frankie J. Leighton, the youngest child, became of age in 1906, and S. H. Draughan, the widow, died in 1924. The plaintiffs have contracted to convey their interest in the homestead tract to the defendants (who have agreed to pay therefor $100), and have tendered the defendants a deed with the usual covenants of warranty; but the defendants have refused to accept the deed and pay the purchase price, contending that the plaintiffs cannot convey a good and indefeasible title because the lien of the judgments has not expired.

Upon the agreed facts it was adjudged that the plaintiffs can convey a good title and are entitled to recover the purchase price with interest. The defendants excepted and appealed.

*W. C. Douglass for the plaintiffs.*
*James Pender for the defendants.*

ADAMS, J. Subject to certain exceptions the lien of a judgment docketed on the judgment docket of the Superior Court expires at the end of ten years from the rendition. C. S. 614; *Lytle v. Lytle,* 94 N. C., 683; *Barnes v. Fort,* 169 N. C., 431. When the judgment debtor's homestead is allotted, the allotment, as to all property therein embraced, suspends the running of the statute of limitations on all judgments against the homesteader during the continuance of the homestead. C. S., 728. It will be seen, then, that the appeal turns upon the question whether the lien of any of the judgments recovered against James W. Draughan or his administratrix has expired or whether it continues in effect so as to prevent the conveyance by the plaintiffs of an unencumbered title to their interest in the homestead. In the solution there is necessarily involved the further question whether the homestead right terminated in 1906, when the youngest child became of age, or in 1924, the date of the widow's death. If it terminated in 1906 the lien of the judgment has expired; if in 1924, it has not expired.

The answer to these questions may be found in the Court's interpretation of certain sections of the organic law relating to homesteads and exemptions. The Constitution provides that the homestead, after the death of the owner thereof, shall be exempt from the payment of any debt during the minority of his children, or any of them (Art. 10, sec. 3) ; and if the owner of a homestead die, leaving a widow but no children, the same shall be exempt from the debts of her husband, and the rents and profits thereof shall inure to her benefit during her widowhood, unless she be the owner of a homestead in her own right. Art. 10, sec. 5. In a number of our decisions these sections have been construed as meaning that a widow is not entitled to a homestead in the lands of her husband if he die leaving children, whether minors or adults; and these authorities are controlling in the present case. As the homestead right terminated in 1906, when the youngest child arrived at the age of twenty-one, the homestead is not subject to the lien of the judgments or of any of them. *Wharton v. Leggett,* 80 N. C., 169; *Gregory v. Ellis,* 86 N. C., 579; *Saylor v. Powell,* 90 N. C., 202; *Williams v. Whitaker,* 110 N. C., 393; *Formeyduval v. Rockwell,* 117 N. C., 320; *Simmons v. Respass,* 151 N. C., 5; *Fulp v. Brown,* 153 N. C., 531. The judgment is
    Affirmed.