### T. H. SANSOM v. N. M. JOHNSON.

(Filed 3 November, 1937.)

**1. Homestead § 6—**

A tenant in common is not entitled to allotment of homestead as against execution for his pro rata share of the costs of the partition proceedings in which his part of the land was allotted to him in severalty.

**2. Judgment § 21—**

An invalid allotment of homestead does not arrest the running of the statute of limitations, and the lien of judgments are lost after the lapse of ten years, notwithstanding the invalid allotment of homestead to the judgment debtor.

APPEAL by defendant from judgment rendered by *Sinclair, J.,* at Chambers, September, 1937, from SAMPSON. Judgment affirmed.

The facts were these. Plaintiff derived his title from Joe T. Warren by deed dated 12 August, 1936. The land had been allotted to Joe T. Warren as his share under partition proceedings instituted in 1927 among the heirs of H. F. Warren. The costs of the partition proceeding were assessed against the several tracts, Joe T. Warren's share thereof being one-seventh of $68.00. Following confirmation of the

partition, execution was issued against Joe T. Warren and wife for their part of the costs and homestead allotted.

On April 14, 1920, there was docketed judgment against Joe T. Warren in the sum of $292.06 in favor of Geo. O. Godwin.

Upon the conveyance of the land by Joe T. Warren and wife to the plaintiff, execution was issued on the Godwin judgment and the land sold thereunder by the sheriff and purchased by one Clifford Warren. Of this attempted sale by the sheriff, plaintiff had no knowledge.

It appeared that there were other judgments against Joe T. Warren which were barred by the statute of limitations, as well as the Godwin judgment, unless the allotment of homestead arrested the running of the statute. Certain other encumbrances were agreed to by the defendant.

His Honor was of opinion, and so adjudged, that the attempted allotment of the homestead in the special proceeding was void and of no effect, that the Geo. O. Godwin judgment was barred by the statute of limitations, and that plaintiff was seized in fee of the land (subject to the agreed encumbrances), and that he was entitled to recover of the defendant the purchase price upon execution and delivery of the deed.

*Dupree & Strickland* for plaintiff, appellee.
*J. R. Williams* for defendant, appellant.

PER CURIAM. The ruling of the court below must be affirmed in accordance with the decisions of this Court in *Williams v. Whitaker,* 110 N. C., 393; *Hinnant v. Wilder,* 122 N. C., 149, and *Wilson v. Lumber Co.,* 131 N. C., 163.

The amount assessed in the partition proceeding against the share of Joe T. Warren for one-seventh of the costs of the proceeding was not a personal judgment upon which an allotment of a homestead could be based, and the allotment being invalid, the lien of the docketed judgments was lost by lapse of ten years from the date of docketing the judgments. *Pasour v. Rhyne,* 82 N. C., 149; *Lyon v. Russ,* 84 N. C., 588; *Lytle v. Lytle,* 94 N. C., 683; *Hyman v. Jones,* 205 N. C., 266.

Judgment affirmed.